UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
                         :

RANDY O'KANE, on behalf of herself and  :
a class of all others similarly situated,     :  Case No. 7:19-cv-09662-KMK
                         :
          Plaintiff,         :  **Electronically Filed**
                         :
            v.           :  **ORAL ARGUMENT REQUESTED**
                         :
JETBLUE AIRWAYS CORPORATION,  :
                         :
          Defendant.       :
                         :
-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JETBLUE AIRWAYS CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF ALLEGED FACTS.................................................................................... 3

LEGAL STANDARD.............................................................................................................. 4

ARGUMENT ........................................................................................................................... 6

I.      THE AIRLINE DEREGULATION ACT PREEMPTS PLAINTIFF'S CLAIMS............ 6

A.      The ADA Preemption Clause Is Applied Expansively....................................................... 6

B.      Plaintiff's Claims Are Preempted as an Impermissible Regulation of JetBlue ................ 7

      1.      Plaintiff's allegations undoubtedly relate to the price, route, or service of an air carrier .......................................................................................................... 7

      2.      Permitting Plaintiff's state law claims to proceed would create "patchwork" regulation......................................................................................... 11

      3.      Plaintiff's GBL claims are preempted as a matter of law.................................... 11

II.     PLAINTIFF'S CLAIMS ARE EACH SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM ................................................................................ 12

A.      Plaintiff's Complaint Fails to State a Claim Under GBL Sections 349 and 350.............. 12

      1.      Plaintiff's GBL claims fail because her Complaint appears to allege that the relevant transaction did not occur in New York ............................................. 12

      2.      Plaintiff's claims fail because she received the benefit of her bargain................ 14

      3.      Plaintiff's Complaint fails to establish an omission or misrepresentation of any material fact.................................................................................................. 17

            a.      A reasonable consumer would expect that AGA pays to advertise on JetBlue's website ................................................................................. 18

            b.      Plaintiff fails to allege that the purported commission is material to a reasonable consumer............................................................................... 19

B.      Plaintiff Fails to Adequately Plead Claims for Fraudulent Concealment and Unjust Enrichment ........................................................................................................... 21

      1.      Plaintiff's Complaint is devoid of facts sufficient to support her claims sounding in fraud .............................................................................................. 21

      2.      Plaintiff's unjust enrichment claim should be dismissed as duplicative.............. 24

III.    PLAINTIFF'S NATIONWIDE CLASS ALLEGATIONS SHOULD BE DISMISSED ................................................................................................................... 24

IV.    CONCLUSION................................................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Charters, Inc. v. Bronson*,
591 F. Supp. 2d 1272 (S.D. Fla. 2008) ...................................................................12

*Acevedo v. Pinnacle Credit Servs., L.L.C.*,
2017 WL 658715 (S.D.N.Y. Feb. 14, 2017) ..............................................................5

*Ades v. Microsoft Corp.*,
2001 WL 1649283 (Sup. Ct. N.Y. Cnty., Sept. 20, 2001) ........................................22

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
404 F.3d 566 (2d Cir. 2005) ....................................................................................22

*Air Transp. Ass'n of Am., Inc. v. Cuomo*,
520 F.3d 218 (2008) ..................................................................................................6

*In re Am. Airlines Privacy Litig.*,
370 F. Supp. 2d 552 (N.D. Tex. 2005) ....................................................................10

*Aretakis v. Fed. Exp. Corp.*,
2011 WL 1226278 (S.D.N.Y. Feb. 28, 2011) ..........................................................12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................................5

*Bautista v. CytoSport, Inc.*,
223 F. Supp. 3d 182 (S.D.N.Y. 2016) ......................................................................24

*Bd. of Managers of Marke Gardens Condo. v. 240/242 Franklin Ave. LLC*,
872 N.Y.S.2d 689 (2008) ...........................................................................................4

*Belcastro v. Burberry Ltd.*,
2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017) ...........................................................16

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................4, 5

*Broder v. Cablevision Sys. Corp.*,
418 F.3d 187 (2d Cir. 2005) ....................................................................................20

*Chiste v. Hotels.com L.P.*,
756 F. Supp. 2d 382 (S.D.N.Y. 2010) ..........................................................16, 19, 25

*Cruz v. FXDirectDealer, LLC*,
   720 F.3d 115 (2d Cir. 2013)..........................................................................................13

*David v. United Cont'l Holdings, Inc.*,
   2015 WL 7573204 (D.N.J. Nov. 24, 2015) ....................................................................9

*Davis v. Hain Celestial Grp., Inc.*,
   297 F. Supp. 3d 327 (E.D.N.Y. 2018) ..........................................................................24

*Dolan v. JetBlue Airways Corp.*,
   385 F. Supp. 3d 1338 (S.D. Fla. 2019) ...........................................................................8

*Donoff v. Delta Air Lines, Inc.*,
   9:18-cv-81258 (S.D. Fla. March 6, 2020).....................................................................16

*Donoff v. Delta Airlines, Inc.*,
   9:18-cv-81258 (S.D. Fla. July 9, 2019) ..............................................................8, 18, 19

*Fawemimo v. Am. Airlines*,
   751 F. App'x 16 (2d Cir. 2018) .......................................................................................6

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013)....................................................................................17, 18

*Flores v. United Airlines*,
   2019 WL 6716608 (N.D. Ill. Dec. 10, 2019).........................................................16, 18, 21

*In re Fyre Festival Litig.*,
   399 F. Supp. 3d 203 (S.D.N.Y. 2019), *reconsideration denied*, 2019 WL
   5799762 (S.D.N.Y. Nov. 7, 2019) .................................................................................15

*Gagasoules v. MBF Leasing LLC*,
   2009 WL 10709179 (E.D.N.Y. Feb. 2, 2009).................................................................20

*Galieo Int'l, L.L.C. v. Ryanair, Ltd.*,
   2002 WL 314500 (N.D. Ill. Feb. 27, 2002) .....................................................................9

*Garcia v. Chrysler Grp. LLC*,
   127 F. Supp. 3d 212 (S.D.N.Y. 2015)............................................................................23

*Goldberg v. Saint-Sauveur Valley Resorts, Inc.*,
   2018 WL 8370060 (D.Vt., 2018)....................................................................................13

*Gordon v. Amadeus IT Group*,
   194 F. Supp. 3d 236 (S.D.N.Y. 2016)...........................................................................8, 9

*Goshen v. Mut. Life Ins. Co. of New York*,
   98 N.Y.2d 314 (2002) .............................................................................12, 15, 17, 25

*People ex rel. Harris v. Delta Air Lines, Inc.*,
    247 Cal. App. 4th 884 (2016) ...................................................................10

*Hekmat v. U.S. Transp Sec. Admin.*,
    247 F. Supp. 3d 427 (S.D.N.Y. 2017)........................................................9

*Hinds Cty., Miss. v. Wachovia Bank N.A.*,
    620 F. Supp. 2d 499 (S.D.N.Y. 2009)......................................................22

*Horn v. Med. Marijuana, Inc.*,
    383 F. Supp. 3d 114 (W.D.N.Y. 2019) .....................................................14

*Hughes v. The Ester C Co.*,
    317 F.R.D. 333 (E.D.N.Y. 2016) ..............................................................25

*Huntleigh Corp. v. La. State Bd. of Private Sec. Examiners*,
    906 F. Supp. 357 (M.D. La. 1995) .............................................................9

*Innovative Custom Brands, Inc. v. Minor*,
    2016 WL 308805 (S.D.N.Y. Jan. 25, 2016) ...............................................22

*In re JetBlue Airways Corp. Privacy Litig.*,
    379 F. Supp. 2d 299 (E.D.N.Y. 2005) ...............................................10, 12

*Joseph v. JetBlue Airways Corp*,
    2012 WL 1204070 (N.D.N.Y 2012) ...........................................................11

*Koenig v. Boulder Brands, Inc.*,
    995 F.Supp.2d 274 (S.D.N.Y.2014)...........................................................16

*Kommer v. Bayer Consumer Health*,
    252 F. Supp. 3d 304 (S.D.N.Y. 2017), *aff'd sub nom., Kommer v. Bayer*
    *Consumer Health, a* ...........................................................................17, 19

*In re Korean Air Lines Co., Ltd.*,
    642 F.3d 685 (9th Cir. 2011) .......................................................................7

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006).......................................................................23

*McGarry v. Delta Air Lines, Inc.*,
    2019 WL 1885613 (C.D. Cal. Apr. 16, 2019) .............................................9

*McLaughlin v. TWA Getaway Vacations, Inc.*,
    979 F. Supp. 174 (S.D.N.Y. 1997)............................................................12

*Mitchell v. U.S. Airways, Inc.*,
    874 F. Supp. 2d 50 (D. Mass. 2012) ...........................................................9

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ....................................................................................6, 7, 10

*Nelson v. MillerCoors, LLC*,
    246 F. Supp. 3d 666 (E.D.N.Y. 2017) ...............................................................24

*Nguyen v. Barnes & Noble Inc.*,
    2015 WL 12766050 (C.D. Cal. Nov. 23, 2015)...................................................14

*Northwest, Inc. v. Ginsberg*,
    572 U.S. 273 (2014) ...........................................................................................6

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015)...............................................................................15

*Pica v. Delta Air Lines, Inc.*,
    2019 WL 1598761 (C.D. Cal. Feb. 14, 2019)......................................................9

*U.S. ex rel. Polansky v. Pfizer, Inc.*,
    2009 WL 1456582 (E.D.N.Y. May 22, 2009) ......................................................5

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013)..................................................................................25

*Price v. L'Oreal USA, Inc.*,
    2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) ........................................................24

*Roman v. Spirit Airlines, Inc.*,
    2020 WL 255202 (S.D. Fla. Jan. 14, 2020) .......................................................8, 9

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004)...............................................................................21

*Rowe v. N.H. Motor Transp. Ass'n*,
    552 U.S. 364 (2008)........................................................................................6, 11

*Saltz v. First Frontier, LP*,
    782 F. Supp. 2d 61 (S.D.N.Y. 2010), *aff'd sub nom. Saltz v. First Frontier,*
    *L.P.*, 485 F. App'x 461 (2d Cir. 2012).............................................................1, 23

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994)..................................................................................5

*Small v. Lorillard Tobacco Co.*,
    720 N.E.2d 892 (1999)........................................................................................15

*Smith v Chase Manhattan Bank, USA*,
    741 N.Y.S.2d 100 (2002).....................................................................................22

*Sokoloff v Town Sports Intl.*,
    778 N.Y.S.2d 9 (2004) ..................................................................................15

*Spagnola v. Chubb Corp.*,
    574 F.3d 64 (2d Cir. 2009) ..........................................................................17

*Stout v. Med-Trans Corp.*,
    313 F. Supp. 3d 1289 (N.D. Fla. 2018) ........................................................9

*Szymczak v. Nissan N. Am., Inc.*,
    2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011) ............................................25

*Tears v. Bos. Sci. Corp.*,
    344 F. Supp. 3d 500 (S.D.N.Y. 2018), *reconsideration denied*, 2019 WL
    2866847 (S.D.N.Y. July 3, 2019) ................................................................23

*Wood ex rel. U.S. v. Applied Research Assocs., Inc.*,
    328 F. App'x 744 (2d Cir. 2009) ..................................................................5

*Van Buskirk v. United Grp. of Cos., Inc.*,
    2020 WL 30372 (N.D.N.Y. Jan. 2, 2020) ....................................................4

*Weinstein v. eBay, Inc.*,
    819 F. Supp. 2d 219 (S.D.N.Y. 2011) ........................................................19

*Wurtz v. Rawlings Co., LLC*,
    2016 WL 7174674 (E.D.N.Y. Nov. 17, 2016) ............................................20

*Yencho v. Chase Home Fin. LLC*,
    2015 WL 127721 (S.D.N.Y. Jan. 8, 2015) ..................................................21

**Statutes**

Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(1) ............................... *passim*

Florida Deceptive and Unfair Trade Practices Act ......................................................8

N.Y. Insurance Law § 109(d) ....................................................................................20

New York General Business Law Sections 349 and 350 ...................................... *passim*

New York Insurance Law Section 2102 ..................................................................2, 20

**Other Authorities**

44 Fed. Reg. 9948, 9951 (Feb. 15, 1979) ..................................................................7

79 Fed. Reg. 23110, 23144 (Apr. 25, 2011) ..............................................................7

Federal Rule of Civil Procedure 9(b) ........................................................................ *passim*

Federal Rule of Civil Procedure 12(b)(6) .................................................................4

Federal Rule of Evidence § 201(b) ..........................................................................13

## PRELIMINARY STATEMENT

Plaintiff Randy O'Kane's ("Plaintiff") claims must be dismissed because they are both preempted by federal law and insufficiently pled as a matter of law. This case arises out of Plaintiff's admittedly voluntary decision to purchase travel insurance from a third-party, AGA Service Company d/b/a Allianz Global Assistance ("AGA"), in connection with several trips she concurrently booked through Defendant JetBlue Airways Corporation's ("JetBlue") website. Plaintiff's claims are premised on her feigned surprise at the unremarkable proposition that AGA compensates JetBlue for allowing AGA to occupy a valuable spot in JetBlue's booking path to present travel insurance offers to JetBlue's customers. The Complaint purports to allege four claims: unjust enrichment (Count I); violations of New York General Business Law ("GBL") Sections 349 and 350 (Counts II and III); and fraudulent concealment (Count IV). These claims are fatally flawed for the following independently sufficient reasons.

*First*, Plaintiff's claims are entirely preempted by the expansive express preemption provision in the Airline Deregulation Act of 1978 ("ADA"), which preempts state law claims, like those alleged here, that "relate to" a "service of an air carrier." Plaintiff's attempt to regulate the content of JetBlue's booking path has been explicitly preempted in this Circuit, and district courts in this Circuit have likewise found that GBL claims are preempted as a matter of law. Significantly, while this lawsuit is similar to a putative class action pending in the Southern District of Florida, Plaintiff here specifically alleged the connection between the prices charged by the airline and travel insurance, thus rendering application of the ADA to Plaintiff's claims apparent on the face of the Complaint.

*Second*, Plaintiff is at a factual crossroads with respect to the "transactions" that give rise to her claim. If she attempts to avoid preemption by claiming that JetBlue had no involvement in her purchases, then her claims fall outside the territorial scope of GBL Sections 349 and 350, as

the relevant transaction would have been completed exclusively with Virginia-based AGA. Conversely, if she admits that she is claiming a transaction occurred in New York because her transaction was with JetBlue in an effort to insulate her GBL claims, the application of ADA preemption is further solidified. While parties are allowed to plead in the alternative with respect to legal theories, the same is not true as to the facts underlying those theories.

*Third*, Plaintiff's claims must be dismissed because she has not, and cannot, allege an actual injury in fact. Plaintiff's Complaint makes clear that she received the benefit of her bargain: Plaintiff paid for insurance coverage and that is exactly what she received. There is not a single allegation that the insurance coverage Plaintiff received was not what she purchased and used, and as such, her claims must be dismissed.

*Fourth*, Plaintiff cannot allege the fundamental elements of her claims. Plaintiff fails to sufficiently allege that JetBlue's representations and omissions were materially misleading as required for each of her claims. Plaintiff's Complaint is entirely dependent on the assertion that JetBlue failed to disclose that it was compensated by AGA for advertising on JetBlue's website. Because case law recognizes as a matter of law that a reasonable consumer would recognize that AGA compensates JetBlue for advertising space on its website, Plaintiff cannot claim that this omission was materially misleading.

Plaintiff attempts to bolster her deficient claims by alleging that these payments are "illegal" under New York Insurance Law Section 2102. Fatal to her allegations, however, is the fact that Section 2102 contains *no* private right of action. Allowing Plaintiff's claims to proceed on the basis of this spurious "illegality" argument would be inconsistent with the legislative choice not to create a private remedy under Section 2102 and therefore must be rejected.

Plaintiff's pleading failures are particularly egregious with respect to Plaintiff's unjust

enrichment and fraudulent concealment claims, both of which demand particularity under the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  Despite her burden, Plaintiff's Complaint lacks any specificity whatsoever with respect to those claims.

*Fifth*, Plaintiff's unjust enrichment claim, while disguised as an independent claim, is identical to and premised upon the exact same alleged omissions and representations as her GBL claims.  Because Plaintiff's unjust enrichment claim is merely a restatement of her other claims, it must be dismissed.

*Finally*, Plaintiff's nationwide class allegations must be dismissed because GBL Sections 349 and 350, by their terms, apply only to transactions occurring in New York State.  Further, Plaintiff lacks standing to assert claims under the laws of the states in which she does not reside.

## STATEMENT OF ALLEGED FACTS

Customers may purchase tickets for travel on a JetBlue flight on www.jetblue.com.  *See* Complaint ("Compl.") ¶ 17.  During the online booking process, customers are presented with an option to purchase a travel insurance policy in connection with their selected flight before they can proceed with the purchase of their airline tickets.  *Id.* ¶¶ 17-23.  The travel insurance policies marketed on JetBlue's website are offered and sold by AGA, a "third-party insurer," and "[i]f a passenger in fact opted for coverage, they would pay a certain sum ***to the insurer*** in exchange for the travel insurance."  *Id.* ¶¶ 2, 14 (emphasis added), 23, 29A.[1]  After the cost of the policy is charged separately by AGA, it sends the customer an email containing a copy of the purchased insurance policy.  *Id.* ¶¶ 14, 27A.

On October 18, 2019, Plaintiff filed this Complaint alleging that JetBlue's marketing of

---

[1] Plaintiff's Complaint jumps from Paragraph 23 to Paragraph 27.  It thereafter continues through Paragraph 30 before jumping back to Paragraph 27.  To avoid confusion, JetBlue will refer to the first set of Paragraphs as 27A, 28A, 29A, and 30A.

travel insurance policies on its website is deceptive because JetBlue allegedly fails to disclose that payment for travel insurance "included an undisclosed fee that JetBlue would ultimately retain, in exchange for helping broker the insurance sale."  Compl. ¶ 14.

Plaintiff alleges that she purchased travel insurance policies from AGA while also booking travel on JetBlue's website on October 20, 2016 and on February 4, 2015.[2]  Compl. ¶¶ 5-6.  Beyond these sparse allegations, Plaintiff's Complaint is otherwise devoid of any specific allegations regarding her purchases.  She does not include factual allegations regarding what she viewed on JetBlue's website or whether she was exposed to any of JetBlue's allegedly misleading statements regarding travel insurance.  She does not allege that she intends to purchase travel insurance from JetBlue's website in the future.  She does not allege that she paid more than what was quoted by AGA, that she did not receive the policy she purchased, or that she did not receive the policy that was represented to her.

Plaintiff seeks to represent a nationwide class and a New York subclass for unjust enrichment, GBL Sections 349 and 350, and fraudulent concealment claims.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] formulaic recitation of the elements of a cause of action will not do."  *Id.*  Instead, the Supreme Court has emphasized that "once a claim has been

---

[2] Plaintiff's February 4, 2015 purchase is outside the three-year statute of limitations for Plaintiff's GBL claims and for damages for her unjust enrichment cause of action.  *See Bd. of Managers of Marke Gardens Condo. v. 240/242 Franklin Ave. LLC*, 872 N.Y.S.2d 689 (2008) (GBL claims are subject to a three-year statute of limitations); *Van Buskirk v. United Grp. of Cos., Inc.*, 2020 WL 30372, at *4 (N.D.N.Y. Jan. 2, 2020) (finding that the statute of limitations applicable to an unjust enrichment claim is three years where plaintiff seeks monetary damages).

stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (alteration in original) (internal citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))). Indeed, if a plaintiff has "not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Twombly*, 550 U.S. at 563.

Additionally, to satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (internal quotation marks omitted). "In other words, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *U.S. ex rel. Polansky v. Pfizer, Inc.*, 2009 WL 1456582, at *4 (E.D.N.Y. May 22, 2009) (internal quotation marks omitted). The purpose of this requirement is "to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, . . . to protect a defendant against the institution of a strike suit, [and] . . . to discourage the filing of complaints as a pretext for discovery of unknown wrongs." *Wood ex rel. U.S. v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 747 (2d Cir. 2009) (internal quotation marks omitted). Plaintiff's claims do not satisfy these standards.

Although leave to amend may be granted, such leave is not required where an amendment would be "futile." *Acevedo v. Pinnacle Credit Servs., L.L.C.*, 2017 WL 658715, at *4 (S.D.N.Y.

Feb. 14, 2017) (granting motion to dismiss with prejudice "because, as a matter of law, the communication at issue was not false, deceptive, or misleading to the least sophisticated consumer") (internal quotation marks omitted).

## ARGUMENT

I.   **THE AIRLINE DEREGULATION ACT PREEMPTS PLAINTIFF'S CLAIMS**

A.   **The ADA Preemption Clause Is Applied Expansively**

Plaintiff's claims are preempted as a matter of law.  Congress enacted the ADA in 1978 to spur competitive market forces by largely deregulating the airline industry.  *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 280 (2014).  Concerned that states might promulgate their own laws to govern airline regulations, Congress included a broad preemption clause as part of the ADA.  *Id.* at 1429; *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992).  The ADA preemption clause provides that "a State, political subdivision of a state, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to price, route, or service of an air carrier . . . ." 49 U.S.C. § 41713(b)(1).  The language of the ADA preemption clause expresses "a broad pre-emptive purpose" that "State enforcement actions having a connection with, or reference to, airline 'rates, routes, or services' are pre-empted under [the ADA]."  *Morales*, 504 U.S. at 383, 384.

The ADA's broad preemptive effect encompasses even those state laws that only indirectly impact air carrier prices, routes, or services.  *See Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370 (2008); *Ginsberg*, 572 U.S. at 281–285 (preempting state laws, regulatory claims, and common law claims).  Consistent with Supreme Court precedent, the Second Circuit has held that the term "services" encompasses "matters incidental to and distinct from the actual transportation of passengers."  *Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 223 (2008); *Fawemimo v. Am. Airlines*, 751 F. App'x 16, 19 (2d Cir. 2018) (plaintiff's state law claims based on airplane

design held preempted).

**B.**     **Plaintiff's Claims Are Preempted as an Impermissible Regulation of JetBlue**

    **1.**     **Plaintiff's allegations undoubtedly relate to the price, route, or service of an air carrier**

Plaintiff's common law and consumer protection claims are preempted by the ADA because airfare insurance clearly relates to the prices, routes, and services of an air carrier.  After the ADA was enacted, the Civil Aeronautics Board ("CAB") identified "insurance" as one of the preempted ancillary services.  44 Fed. Reg. 9948, 9951 (Feb. 15, 1979).  The CAB's successor in governance of air travel, the Department of Transportation, also considers "travel insurance" as an "optional service" in the same vein as "seat selection, seat upgrades, [and] pre-boarding."  79 Fed. Reg. 23110, 23144 (Apr. 25, 2011).  The legislative history reflects Congressional intent to ensure states would not interfere with deregulation by disrupting the uniform playing field it intended for the airlines, both domestic and foreign.  *See In re Korean Air Lines Co., Ltd*., 642 F.3d 685, 693 (9th Cir. 2011) (considering congressional intent to interpret terms in the ADA).

"[T]he key phrase, obviously, is 'relating to'" which is defined "broad[ly]" to mean "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with."  *Morales*, 504 U.S. at 383.  The option to purchase travel protection plans—which include reimbursement for travel delay, missed connections, and lost baggage—obviously relates to, bears on and concerns JetBlue's flights, ticket prices, and travel services.  This is especially true where, as here, Plaintiff's allegations on the face of the Complaint directly link purchases of airfare insurance to the airline's price structure.  Compl. ¶ 13 (alleging that ". . . travel insurance is typically only necessary, in the first place, because the airlines themselves have begun charging exorbitant switching and cancelation fees").  Thus, Plaintiff's own allegations concede that airline prices relate to travel insurance because consumers tolerate higher airline prices by

mitigating the risk of loss with travel insurance.

On this point, *Roman v. Spirit Airlines, Inc.*, 2020 WL 255202 (S.D. Fla. Jan. 14, 2020), is instructive.  There, the plaintiffs' Florida Deceptive and Unfair Trade Practices Act claim was premised on their allegations that the "Shortcut Security" program offered by defendant Spirit Airlines was illusory.  The court held that the claim was preempted by the ADA, reasoning that the Shortcut Security program provided Spirit with "ancillary revenues" that had a "significant effect" on Spirit's ticket prices.  *Id.* at 6–7.

Here, Plaintiff's Complaint highlights the role travel insurance plays in the airline industry by alleging that "trip insurance essentially covers any added costs or lost payments that an individual might incur while on a trip or planning a trip."  Compl. ¶ 11.  In addition to claiming that "travel insurance is typically only necessary, in the first place, because the airlines themselves have begun charging exorbitant switching and cancelation fees" (*id.* ¶ 13), Plaintiff explicitly alleges that payments from trip insurance are "'profit centers'" for airlines.  *Id.*  Thus, Plaintiff's allegations on their face reflect that the "ancillary revenues" from travel insurance have a "significant effect" on JetBlue's ticket prices.[3]  And even if it did not have an impact on ticket prices, travel insurance is an ancillary service that was part of Plaintiff's bargained-for exchange with JetBlue.  *See Roman*, 2020 WL 255202 at *7.

This remains true regardless of the fact that the trip insurance at issue is offered by a third-party—here, AGA.  In *Gordon v. Amadeus IT Group*, 194 F. Supp. 3d 236 (S.D.N.Y. 2016), the defendants were technology providers known as global distribution systems ("GDS"), which

---

[3] *Dolan v. JetBlue Airways Corp.*, 385 F. Supp. 3d 1338, 1346 (S.D. Fla. 2019) and Order on Motion to Dismiss, *Donoff v. Delta Airlines, Inc.*, 9:18-cv-81258 (S.D. Fla. July 9, 2019) (ECF No. 121) are distinguishable.  The plaintiffs in these matters were careful to avoid allegations acknowledging the relationship between ticket prices and the need for travel insurance; nor did the *Donoff* and *Dolan* plaintiffs allege (as Plaintiff does here) that travel insurance is a "profit center" for airlines.  In any event, these decisions are not binding precedent on this Court.

served as a conduit between travel service providers—such as airlines—and travel agencies, through which travel providers distribute information about available services and fares. *Id.* at 240. Observing that "the Supreme Court's broad interpretation of the ADA's 'relating to' language" did not remove claims against a third party "from the scope of ADA preemption," the court found that plaintiffs' common law and state consumer law cause of action were preempted where indirect effect was to regulate the "means and manner in which airline advertisements are displayed" with a third-party provider. *Id.* at 244. *See also David v. United Cont'l Holdings, Inc.*, 2015 WL 7573204, at *3 (D.N.J. Nov. 24, 2015) (applying ADA preemption to claims regarding third-party flight entertainment services); *Roman*, 2020 WL 255202, at *7 (finding claims involving services provided by the TSA preempted).[4] In *David*, where, as here, the payment was made directly to a third-party for the ancillary service, the court held that plaintiff's state-law claims challenging the airline's failure to disclose to consumers that DirecTV and WiFi would work only over the continental U.S. were preempted under the ADA. *Id.* at *1. Similarly, here, Plaintiff's attempt to regulate JetBlue's disclosures regarding services provided by a third-party insurer falls squarely within the Second Circuit's definition of "services." *Hekmat v. U.S. Transp Sec. Admin.*, 247 F. Supp. 3d 427, 432-33 (S.D.N.Y. 2017) (tort claims premised on baggage handling—including claims of theft—were preempted).[5]

---

[4] *See also Mitchell v. U.S. Airways, Inc.*, 874 F. Supp. 2d 50, 52, 55 (D. Mass. 2012) (same for claims regarding third-party skycap services); *Galieo Int'l, L.L.C. v. Ryanair, Ltd.*, 2002 WL 314500, at *5 (N.D. Ill. Feb. 27, 2002) (same for claims regarding third-party reservation system services); *Huntleigh Corp. v. La. State Bd. of Private Sec. Examiners*, 906 F. Supp. 357, 362 (M.D. La. 1995) (same for claims regarding third-party security screening services).

[5] *See also McGarry v. Delta Air Lines, Inc.*, 2019 WL 1885613, at *8 (C.D. Cal. Apr. 16, 2019) (finding "little difficulty in concluding that Plaintiff's claim for violation of various data breach acts is preempted by the ADA because those acts are similarly prescriptive and serve as a means to police services provided by Defendants"); *Pica v. Delta Air Lines, Inc.*, 2019 WL 1598761, at *9 (C.D. Cal. Feb. 14, 2019) (preemption covers services by third-party provider of voice and chat services related to sales and support for Delta); *Stout v. Med-Trans Corp.*, 313 F. Supp. 3d 1289, 1293-98 (N.D. Fla. 2018) (preempted state-law claims that challenged the billing practices for air

9

Moreover, Plaintiff's claims run afoul of the ADA because Plaintiff is attempting to regulate the content of JetBlue's booking path.  *See* Compl. ¶¶ 2, 17-30A, 27.  Plaintiff's claims thus target how and where JetBlue's tickets and related services should be marketed. Undisputedly, Plaintiff has alleged travel insurance relates to JetBlue's website services by asserting that JetBlue "offer[s] for sale and urge[s] its passengers, via its website, to buy travel insurance provided by a third-party insurer" and fails to disclose that the sum Plaintiff paid in exchange for the travel insurance "included an undisclosed fee that JetBlue would ultimately retain, in exchange for helping broker the insurance sale." *Id.* ¶ 14; *see also id.* ¶ 28 (alleging that JetBlue "recommend[s], offer[s], and sell[s], [sic] the travel insurance").  Indeed, Plaintiff has specifically alleged that JetBlue "act[s] as an insurance agent." *Id.* ¶ 29.  Plaintiff's requested remedies include injunctive relief regarding these communications in JetBlue's booking path on its website. *Id.* at 47, 64 and Prayer for Relief D.  Thus, her claims further "have a connection . . . with [the airline's] ticketing service, including the reservation component." *In re Am. Airlines Privacy Litig.*, 370 F. Supp. 2d 552, 564 (N.D. Tex. 2005).

Consequently, Plaintiff's attempt "to regulate the representations and commitments" on JetBlue's website "ma[de] in connection with reservations and ticket sales"—specifically how and what is communicated to potential customers about services on the website (*see, e.g.*, Compl. ¶¶ 20-30A, 27)—"fits squarely within the range of state law actions that the Supreme Court concluded in *Wolens* and *Morales*, are expressly preempted by the ADA." *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 315 (E.D.N.Y. 2005) (finding preemption where claims were a "direct effort to regulate the manner in which JetBlue communicates with its customers in connection with reservations and ticket sales"); *People ex rel. Harris v. Delta Air Lines, Inc.*, 247

ambulance services).

Cal. App. 4th 884, 901 (2016) (preemption precluded suit seeking to force airline to comply with privacy policy requirements that would interfere with the airline's selection and design of its mobile application).

Because Plaintiff's Complaint makes clear that her claims relate to the price, route, or service of JetBlue, an air carrier, her claims must be preempted and dismissed with prejudice.

### 2. Permitting Plaintiff's state law claims to proceed would create "patchwork" regulation

ADA preemption is also required because Plaintiff's attempt to use state law claims to regulate JetBlue's alleged conduct would result in patchwork laws that vary across states. Plaintiff seeks to regulate disclosures on JetBlue's website regarding ancillary services available to JetBlue customers, including by seeking an order "enjoining [JetBlue] from further engaging in the misconduct alleged." Compl., Prayer for Relief D. If New York law were to require different disclosures on JetBlue's website than those required by other states, Plaintiff's claims would lead to the "patchwork of state service-determining laws, rules, and regulations" that the Supreme Court warned against in *Rowe*, creating a "state regulatory patchwork [that] is inconsistent with Congress' major legislative effort to leave such decisions, where federally unregulated, to the competitive marketplace." *Rowe*, 552 U.S. at 373; *see also Joseph v. JetBlue Airways Corp*, 2012 WL 1204070 at *7 (N.D.N.Y 2012) ("challenging an airline's ability to make decisions…subjects airlines to a patchwork of obligations that would eviscerate federal regulations aimed at air safety control"). Because Plaintiff's claims attempt to impose state law to regulate an airline, she seeks to upend Congress' goals precisely in the way that the Supreme Court has forbidden.

### 3. Plaintiff's GBL claims are preempted as a matter of law

"[T]he Supreme Court has noted that state deceptive business practice laws, when applied to the airline industry, relate to airline prices, routes and services and, consequently, are preempted

11

by the ADA." *Aretakis v. Fed. Exp. Corp.*, 2011 WL 1226278, at *4 (S.D.N.Y. Feb. 28, 2011). "Indeed, courts routinely hold that state consumer protection and deceptive practices[] laws and regulations are expressly preempted by [the ADA]." *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1301 (S.D. Fla. 2008).

District courts in New York have thus concluded that claims under GBL Sections 349 and 350 are preempted by the ADA in a number of different circumstances. *See, e.g.*, *McLaughlin v. TWA Getaway Vacations, Inc.*, 979 F. Supp. 174, 175 (S.D.N.Y. 1997) (finding claims under GBL Sections 349 and 350 preempted "where the restrictions that were placed (fraudulently or otherwise) on the times of flights available for low-cost vacation packages directly and materially impacted air fares"); *In re JetBlue*, 379 F. Supp. 2d at 315 (finding claims under GBL preempted where plaintiff's claims "represents a direct effort to regulate the manner in which JetBlue communicates with its customers in connection with reservations and ticket sales"). Thus, Plaintiffs' GBL claims are preempted and must be dismissed with prejudice.

## II.   PLAINTIFF'S CLAIMS ARE EACH SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM

### A.   Plaintiff's Complaint Fails to State a Claim Under GBL Sections 349 and 350

#### 1.   Plaintiff's GBL claims fail because her Complaint appears to allege that the relevant transaction did not occur in New York

As a separate and independent reason for dismissal, Plaintiff's GBL claims must be dismissed as a matter of law because GBL Sections 349 and 350 apply only to transactions occurring in New York State. *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 324 (2002) ("We conclude that the transaction in which the consumer is deceived must occur in New York."). The Second Circuit has acknowledged that courts in New York are split in their interpretation of *Goshen* as to whether to apply a "transaction-based" test, which looks to where the deceptive transaction took place, or a "place of deception" test, which looks to where the

alleged deception itself occurred.  *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 123 (2d Cir. 2013).  Plaintiff's claims fail under both.

First, Plaintiff's own allegations make clear that under New York law, the transaction did not occur in New York.  In her attempt to avoid ADA preemption, Plaintiff alleges that: "JetBlue provides no services to its customer in connection with the sale of travel insurance on its website . . . [t]he price of the travel insurance is a price offered or set by the insurer, not JetBlue . . . [n]o contractual relationship is formed between the customer and JetBlue in connection with a customer's purchase of travel insurance on JetBlue's website . . . [and] [n]o bargained-for exchange takes place between the customer and JetBlue in connection with a customer's purchase of travel insurance on JetBlue's website."  Compl. ¶¶ 33-36.  Plaintiff further alleges that she purchased the insurance from Virginia-based AGA, made payments to Virginia-based AGA, received confirmation of the purchase from Virginia-based AGA, and received the relevant agreement from Virginia-based AGA, which made clear that AGA was the "licensed producer and administrator for the plan."  Compl. ¶¶ 5, 6, 14, 27A; *see also* Declaration of Gayle I. Jenkins ("Jenkins Decl."), Exhibit A.[6]

Second, even assuming that the "place of deception" test applies, Plaintiff fails to sufficiently allege facts that fall within the territorial reach of Sections 349 or 350 because nowhere in her Complaint does she allege that the statements that she allegedly relied on were made by JetBlue from New York, that she viewed any of JetBlue's materials while located in New York or that she purchased any of her insurance while located in New York.  Absent such allegations, she

---

[6] A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *Goldberg v. Saint-Sauveur Valley Resorts, Inc.*, 2018 WL 8370060, at *8 (D.Vt., 2018) (taking judicial notice of information from a Secretary of State website).

has not alleged that any deception occurred in New York and her claims must be dismissed. *Nguyen v. Barnes & Noble Inc*., 2015 WL 12766050, at *3 (C.D. Cal. Nov. 23, 2015) (dismissing a Section 349 claim under the deception-based test because the plaintiff did "not allege that he viewed the website in New York, made his purchases in New York, or was otherwise exposed to any part of the transaction in New York").

Plaintiff cannot have it both ways. If she would like to claim that she was deceived as part of her transaction with JetBlue, then her claims must be preempted as a matter of law because they clearly relate to JetBlue's prices, routes, and services. If, instead, Plaintiff attempts to avoid preemption by now arguing that her transaction was solely with AGA and *not* JetBlue, then her only stated nexus to the transaction—her NY residency—does not provide a basis to state a claim under GBL Sections 349 and 350.[7] *See Horn v. Med. Marijuana, Inc.*, 383 F. Supp. 3d 114, 128 (W.D.N.Y. 2019) ("Sections 349 and 350 are not intended to regulate New York businesses or protect New York residents solely on the basis of their residency; they are intended to police consumer transactions that 'take place in New York State,' regardless of the residency of the parties."). Thus, Plaintiff's claims must be dismissed before even addressing the substance of her allegations.

### 2.      Plaintiff's claims fail because she received the benefit of her bargain

Regardless of the location of Plaintiff's transaction, Plaintiff's GBL claims must fail because she has not pled that JetBlue caused her any actual damages. "To maintain a cause of action under [GBL Sections 349 and 350], a plaintiff must show: (1) that the defendant's conduct is 'consumer-oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice." *In re Fyre Festival Litig*., 399 F. Supp. 3d 203, 223

---

[7] As discussed¸ *supra*, however, that the subject transaction is with a third party does not immunize the application of ADA preemption. *See* Section I.B.1.

(S.D.N.Y. 2019), *reconsideration denied*, 2019 WL 5799762 (S.D.N.Y. Nov. 7, 2019).[8]

A plaintiff cannot plead a cognizable injury by "set[ting] forth deception as both act and injury." *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 898 (1999). Instead, to make out a claim under either Section 349 or Section 350, a plaintiff must "allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase." *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015).

Courts applying New York law routinely "decline[] to find Section 349 injuries where the plaintiffs allege[] damages in the amount of the purchase price of their contracts, but fail[] to allege that defendants had denied them the services for which they contracted." *Orlander*, 802 F.3d at 302; *see also Sokoloff v Town Sports Intl.*, 778 N.Y.S.2d 9, 1 (2004) (finding that the plaintiff failed to show injury because "Plaintiff does not claim any kind of monetary loss other than payment of her membership fees [and] does not claim that defendant failed to deliver the services called for in the contract"). Because Plaintiff has not—and cannot—allege that she was denied the service for which she contracted, she fails to allege a cognizable injury.

To avoid this obvious outcome, Plaintiff seeks to recast her purported injury by asserting conclusory allegations that Plaintiff and the putative class "purchased travel insurance products that were priced higher than they would have been but for" the fee AGA pays to JetBlue (Compl. ¶¶ 61, 72), and that "JetBlue's insurance is nearly twice as expensive as comparable—if not superior—plans that are otherwise available to consumers." *Id.* ¶ 30. Plaintiff asserts that "[t]his discrepancy is attributable to the illegal commissions that JetBlue receives from its insurers." *Id.* But these allegations are devoid of any factual support whatsoever. Moreover, mere allegations of overpricing are insufficient to support a claim unless the alleged deception caused a plaintiff to

---

[8] "The standard for recovery under [GBL Section] 350, while specific to false advertising, is otherwise identical to section 349." *Goshen*, 98 N.Y.2d at 324 n.1.

pay for a product that they ***did not receive***.  *Compare Belcastro v. Burberry Ltd.*, 2017 WL 5991782, at *5 (S.D.N.Y. Dec. 1, 2017) (dismissing Section 349 claim because the plaintiff did "not allege how the outlet-only goods purchased by [the plaintiff] differ from the retail products [the plaintiff] believed he was purchasing"), *with Koenig v. Boulder Brands, Inc.*, 995 F.Supp.2d 274, 288–89 (S.D.N.Y.2014) (finding a sufficiently pled Section 349 injury where the plaintiff alleged that he paid a price premium for "fat-free" milk that actually contained fat).

Indeed, under nearly identical factual circumstances, the Northern District of Illinois found as a matter of law that the plaintiff had not been injured because the plaintiff "alleged she purchased travel insurance, and she allege[d] she received the travel insurance." *Flores v. United Airlines*, 2019 WL 6716608, at *6 (N.D. Ill. Dec. 10, 2019).  The court concluded that "[s]o long as [the plaintiff] received the benefit of the bargain, she was not injured." *Id.*  The court explicitly rejected the plaintiff's overcharge argument, explaining:

> Plaintiff seems to think she received nothing of value from [the airline] in exchange for the commission [the airline] received, but that is not plausible.  If plaintiff searched other places for travel insurance and still chose the policy on [the airline's] website, then a reasonable inference would be that the policy she purchased was better in some respect.  Perhaps it was cheaper.  Perhaps it offered protection for a broader range of reasons for canceling travel.  If, on the other hand, plaintiff did not search for competing travel insurance policies before purchasing the one on [the airline's] website, then the reasonable inference is she received something of value: the saving of time and search costs.  In any case, she received an insurance policy at a price she was willing to pay.

*Id.* at *6 n.4.[9]

---

[9] *See also* Order on Motion for Summary Judgment, *Donoff v. Delta Air Lines, Inc.*, 9:18-cv-81258 (S.D. Fla. March 6, 2020) (ECF No. 261) at *21 (granting defendant's motion for summary judgment against claims based on similar allegations, and holding that the plaintiff "was told a price for his travel insurance…[and] paid the premium established by [AGA]. He has therefore suffered no loss or actual damages"); *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 404-05 (S.D.N.Y. 2010) (dismissing Section 349 claim because "[plaintiff] was free to shop around to determine if Hotels.com was offering her the best bargain, or if she could do better").

The same result is warranted here. Plaintiff alleges that she purchased, received, and benefited from an insurance policy at a price set by AGA (Compl. ¶ 34) that she was willing to pay. Plaintiff has therefore failed to adequately plead an actual injury as a matter of law, and her claims must be dismissed. *See Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009) (dismissing GBL claims because "[plaintiff] does not claim that he did not receive adequate insurance coverage or that he did not contract for the coverage he received").

       **3.**      **Plaintiff's Complaint fails to establish an omission or misrepresentation of any material fact**

Plaintiff's GBL claims similarly must be dismissed because she has not adequately pled that any alleged omission or representation was materially misleading. In order to state a claim under GBL Sections 349 and 350, "the allegedly deceptive acts, representations or omissions must be misleading to 'a reasonable consumer.'" *Goshen*, 98 N.Y.2d at 324 (citation omitted). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). "This inquiry is an objective one, which . . . may be resolved as a matter of law on a motion to dismiss." *Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 311 (S.D.N.Y. 2017), *aff'd sub nom., Kommer v. Bayer Consumer Health, a division of Bayer AG*, 710 F. App'x 43 (2d Cir. 2018). Such a dismissal with prejudice is appropriate here.

Plaintiff alleges that JetBlue failed to disclose that AGA compensates JetBlue for allowing AGA to occupy a valuable spot in JetBlue's booking path to present travel insurance offers to JetBlue's customers. Compl. ¶ 2. Plaintiff further alleges that by indicating the travel insurance is "offered and sold" by AGA, JetBlue has made affirmative misrepresentations regarding its relationship with AGA. *Id.* ¶ 27. These allegations fail to plausibly allege a deceptive act, representation, or omission that could mislead a reasonable consumer.

a.   **A reasonable consumer would expect that AGA pays to advertise on JetBlue's website**

Plaintiff's allegations must be dismissed because they require a reasonable consumer to ignore the plain evidence in front of them.  "[C]ontext is crucial" when evaluating whether a reasonable consumer would be misled.  *Fink*, 714 F.3d at 742.  Plaintiff cannot plausibly allege that a reasonable consumer would be misled as to JetBlue's relationship with AGA because it is a well-known fact that the opportunity to advertise and market on another's website costs money.  "Every day in this country, individuals engage in transactions that involve commissions" and a "wise consumer assumes . . . that the owner of a website gets a share of the sale of products sold on its website."  *Flores*, 2019 WL 6716608, at *5.  Indeed, affiliate marketing relationships, including advertisements that appear on commercial websites, are routine and commonplace.  Thus, the reasonable consumer is aware that placement of an advertisement for a third-party's product on a website is paid for by that third-party.  In fact, a reasonable consumer understands that marketing in the booking path of airlines such as JetBlue.com is *the most* productive place for a travel insurance provider to advertise—and therefore is a valuable commodity for which travel insurers such as AGA *would certainly* pay.  *See Donoff*, 9:18-cv-81258 (ECF No. 261) at *16-17 ("It seems self-evident that Delta would be compensated. The chance to sell insurance coverage for a trip at the same time a traveler is booking a flight is a valuable and highly sought distribution channel….[I]t Is not surprising that Delta receives compensation.").

Moreover, JetBlue expressly informs customers that it has "partnered" with AGA.  *See* Compl. ¶¶ 2, 29.  Any reasonable consumer understands that the word "partner" implies a mutual exchange of services and/or payment, and no reasonable consumer would believe that JetBlue would partner with an insurer and allow that insurer to advertise on its website without receiving some form of compensation.  *See Hotels.com*, 756 F. Supp. 2d at 404-05 (dismissing claim that

Hotels.com's failure to disclose the fact that it profited from each reservation booked through its website was deceptive because "[a]ny reasonable consumer would understand that businesses are in business to make a profit"); *Donoff*, 9:18-cv-81258 (ECF No. 261) at *16 ("The notion that truthfully telling the consumer that [AGA] is the licensed producer and administrator and providing a link to its website is somehow deceptive is just sophistry."). Thus, it is implausible that a reasonable consumer would conclude that JetBlue receives no compensation for providing advertising services on its website to a third-party insurance provider.

Similarly, Plaintiff cannot plausibly allege that JetBlue's affirmative representations are false. Consistent with JetBlue's representations, Plaintiff has alleged that payment for a travel insurance policy is made directly to the insurer (*id.* ¶ 14), a policy is issued by AGA (*id.* ¶ 27A), and any refunds come directly from AGA. *Id.* ¶ 27.

Thus, regardless of what Plaintiff claims she may or may not have understood about JetBlue's relationship with AGA, JetBlue's alleged practices are neither false nor materially misleading as a matter of law. *See, e.g.*, *Weinstein v. eBay, Inc*., 819 F. Supp. 2d 219, 228 (S.D.N.Y. 2011) (rejecting GBL claim because "common sense dictates that no reasonable consumer could plausibly think that StubHub tickets come directly from the Yankees when faced with overwhelming evidence to the contrary"); *Kommer*, 252 F. Supp. 3d at 312 (dismissing GBL claims because "[a]ssuming that a reasonable consumer might ignore the evidence plainly before him 'attributes to consumers a level of stupidity that the Court cannot countenance and that is not actionable under [GBL Section] 349'" (citation omitted)). For this reason, her claims should be dismissed with prejudice because Plaintiff is arguing against common sense.

### b. Plaintiff fails to allege that the purported commission is material to a reasonable consumer

Plaintiff's only allegation regarding what a reasonable consumer would, or would not,

consider material is that "a reasonable consumer would want to know that a portion of their travel insurance premiums were being illegally funneled to Defendant . . . ."  Compl. ¶ 60.  Crucially, however, the statute upon which Plaintiff bases her "illegality" allegations, New York Insurance Law Section 2102, does not permit private rights of action based on alleged violations of the statute.  *See Gagasoules v. MBF Leasing LLC*, 2009 WL 10709179, at *4 (E.D.N.Y. Feb. 2, 2009) ("The Plaintiff has not offered and the Court is unable to locate any cases recognizing a private right of action under § 2102.").  "This is not surprising. . . . [C]reating a private right of action would be inconsistent with the legislative scheme because N.Y. Insurance Law § 109(d) contemplates that only the Superintendent of the New York State Insurance Department retains the authority to institute civil actions to recover for violations of the New York Insurance Law." *Id.*  Plaintiff cannot circumvent the legislative choice not to create a private remedy under Section 2102 by bringing thinly disguised state law claims based on matters regulated exclusively by state insurance statutes.  Plaintiff's claims based on the assertion that a payment from AGA to JetBlue was "illegal" must therefore be dismissed.  *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199–200 (2d Cir. 2005) (upholding dismissal of GBL Section 349 claim premised on violation of state law that did not provide its own private right of action).

Moreover, Plaintiff alleges only that JetBlue was unlicensed.  Plaintiff does not, and cannot, allege that a fee charged by AGA was "illegal" at the time of collection because AGA collected the fee, and AGA is licensed.  Courts have expressly held that "illegal fee" cases only apply "where the fees were patently illegal at the time of collection."  *Wurtz v. Rawlings Co., LLC*, 2016 WL 7174674, at *10 (E.D.N.Y. Nov. 17, 2016) ("Where there is ambiguity as to the legality of fees at the time of collection, however, statements regarding those fees are not necessarily misleading.").

Nor can Plaintiff plausibly allege that what AGA choses to do with her payment for the insurance policy is any way material to a reasonable consumer.  As the court in *Flores* recently explained when faced with nearly identical allegations: "[t]he only price the consumer cares about is the total price." *Flores*, 2019 WL 6716608, at *6 ("It is freshman-year economics that higher prices mean lower demand, and that consumers are sensitive to the full price that they must pay, not just the portion of the price that will stay in the seller's coffers.") (citations omitted)).  "The total price was a price plaintiff was willing to pay for travel insurance, is evidenced by her allegation that she paid it." *Id.*

Because Plaintiff fails to allege any omission or representation that is of material importance to a reasonable consumer, she fails to state a claim under GBL Sections 349 and 350.

### B.   Plaintiff Fails to Adequately Plead Claims for Fraudulent Concealment and Unjust Enrichment

#### 1.   Plaintiff's Complaint is devoid of facts sufficient to support her claims sounding in fraud

Plaintiff's remaining state law claims are similarly insufficiently pled.  Rule 9(b) imposes a heightened standard, requiring that "the circumstances constituting fraud or mistake . . . be stated with particularity."  Fed. R. Civ. P. 9(b).  Under Rule 9(b), a pleading must identify "the who, what, when, where and how of the alleged fraud." *Yencho v. Chase Home Fin. LLC*, 2015 WL 127721, at *3 (S.D.N.Y. Jan. 8, 2015) (internal citation omitted).  "To meet the pleading standard of Rule 9(b), this Court has repeatedly required, among other things, that the pleading explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 172 (2d Cir. 2004) (citation omitted).  Here, all of Plaintiff's common law claims are premised on the same allegations—that JetBlue failed to disclose that it receives a portion of payments from travel insurance costs—which

sound in fraud (*see, e.g.*, Compl. ¶¶ 15, 27A-30A, 27-29, 67B-77B[10]), and are therefore each subject to the heightened pleading requirements of Rule 9(b).[11]  Plaintiff's state law claims fail under the heightened pleading standard.

To state a claim for fraudulent concealment, Plaintiff must allege (1) a duty to disclose material facts; (2) knowledge of material facts by a party bound to make such disclosures; (3) failure to discharge a duty to disclose; (4) scienter; (5) reliance; and (6) damages.  *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 582 (2d Cir. 2005).

First, as detailed *supra*, fatal to Plaintiff's fraudulent concealment and unjust enrichment claims is her failure to allege that JetBlue withheld or misrepresented a material fact (because reasonable consumers know that a third-party would have paid for advertising) or that she has suffered any damages because she received exactly what she paid for (insurance protection).[12]

Second, "a duty to disclose may arise in two situations: first, where the parties enjoy a fiduciary relationship, and second, where one party possesses superior knowledge, not readily

---

[10] Plaintiff's Complaint jumps back from Paragraph 74 to Paragraph 66.  It thereafter continues through Paragraph 77.  To avoid confusion, JetBlue will refer to the second set of Paragraphs as 66B, 67B, 68B, 69B, 70B, 71B, 72B, 73B, 74B, 75B, 76B, and 77B.

[11] *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 520 (S.D.N.Y. 2009) ("A claim of fraudulent concealment must be pled with particularity, in accordance with the heightened pleading standards of Fed. R. Civ. P. 9(b).."); *Innovative Custom Brands, Inc. v. Minor*, 2016 WL 308805, at *4 (S.D.N.Y. Jan. 25, 2016) ("If an unjust enrichment claim is 'premised on fraudulent conduct,' it is subject to Rule 9(b)'s particularity requirement.") (citation omitted).

[12] *See, e.g., Ades v. Microsoft Corp.*, 2001 WL 1649283, at *3 (Sup. Ct. N.Y. Cnty., Sept. 20, 2001) (dismissing fraudulent concealment claim where "it is undisputed that plaintiff has failed to allege that he has actually suffered from any injury"); *Smith v Chase Manhattan Bank, USA*, 741 N.Y.S.2d 100, 100 (2002) (affirming dismissal of unjust enrichment claim that had "no allegation that the benefits received were less than what these purchasers bargained for").  In fact, Plaintiff has failed to plead any factual allegations to support the specious and speculative claim that Plaintiff or other consumers did in fact pay a higher price for the insurance than they would have absent the alleged misconduct or that Plaintiff would have been charged less elsewhere for the same coverage.  Rather, Plaintiff simply speculates that she is paying more, without any factual allegations that meet the *Iqbal/Twombly* standard, let alone Rule 9(b).

available to the other, and knows that the other is acting on the basis of mistaken knowledge." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291–92 (2d Cir. 2006) (citations omitted).  Moreover, under New York law, such a duty "usually arises ... in the context of business negotiations where parties are entering a contract."  *Id.* (citations omitted) (collecting cases); *see also Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 237 (S.D.N.Y. 2015) (fraudulent concealment claims dismissed where defendant had no "direct transaction" with plaintiffs).  Here, Plaintiff has not— and cannot—allege a fiduciary relationship or business negotiations with JetBlue.  Rather, Plaintiff alleges nothing more than a typical commercial relationship.  Plaintiff pleads no facts establishing a fiduciary relationship or business transaction that could plausibly give rise to a duty owed to Plaintiff by JetBlue to disclose that it is paid for allowing AGA to market insurance policies on JetBlue's website.

Finally, Plaintiff has failed to plead the requisite mental state for fraud in New York with any degree of particularity.  "Scienter is a mental state embracing intent to deceive, manipulate, or defraud. . . .  [A]n inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."  *Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 71 (S.D.N.Y. 2010), *aff'd sub nom. Saltz v. First Frontier, L.P.*, 485 F. App'x 461 (2d Cir. 2012) (internal quotation marks and citations omitted). Plaintiff's Complaint is devoid of any statement that could be read as evidencing any motive to conceal facts or any conscious recklessness on the part of JetBlue, and therefore fails to plead any facts evidencing a mental state supporting fraud, especially under the more stringent particularity requirements of Rule 9(b).  *See Tears v. Bos. Sci. Corp.*, 344 F. Supp. 3d 500, 515 (S.D.N.Y. 2018) (dismissing fraudulent concealment claim where Plaintiff's "statements merely state the required elements to establish that a duty exists as conclusions without alleging any particularized facts to

support the existence of those same elements"), *reconsideration denied*, 2019 WL 2866847 (S.D.N.Y. July 3, 2019). Because Plaintiff cannot plausibly allege a duty to disclose or a motive to support her fraud allegations, amendment would be futile and her claims should be dismissed with prejudice.

### 2.    Plaintiff's unjust enrichment claim should be dismissed as duplicative

Not only does Plaintiff's claim for unjust enrichment fail with her deceptive practices claim, it also separately fails because it is merely a regurgitation of her fraud and false advertising claims.[13]  It is well-established that unjust enrichment is not available where it is duplicative of another claim.  *See Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016) (dismissing claim where "Plaintiff has failed to explain how the unjust enrichment claim is 'not merely duplicative of [the] other causes of action.'").

Federal courts in New York consistently dismiss such claims in cases similar to the instant action.  *See, e.g.*, *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 338 (E.D.N.Y. 2018) (dismissing false-advertising unjust enrichment claim case because "it merely duplicates plaintiff's other claims based on the same alleged misrepresentations"); *Price v. L'Oreal USA, Inc.*, 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017) (same).  Because Plaintiff's unjust enrichment claim is based on the same alleged omission and merely restates all relevant allegations from Plaintiff's other claims, it must be dismissed with prejudice.

## III.    PLAINTIFF'S NATIONWIDE CLASS ALLEGATIONS SHOULD BE DISMISSED

Plaintiff's nationwide class allegations are subject to dismissal because Sections 349 and

---

[13] The fact that Plaintiff's unjust enrichment claim is duplicative is a separate, independent reason it should be dismissed.  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017) (holding that "even pleaded in the alternative, claims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action").

350 of the GBL, by their terms, apply only to transactions occurring in New York State. *Goshen*, 98 N.Y.2d at 324. Such nationwide allegations are often dismissed at the motion to dismiss stage. *See, e.g.*, *Szymczak v. Nissan N. Am., Inc.*, 2011 WL 7095432, at *12 (S.D.N.Y. Dec. 16, 2011) ("At [the motion to dismiss] stage, the Court can dismiss plaintiffs' New York law claims as to those plaintiffs who did not purchase their automobiles in New York because the relevant statutes do not apply to transactions occurring outside the state."). While Plaintiff may attempt to argue that her claims should stand because JetBlue is based in New York or that certain conduct occurred in New York, "New York law is clear that [GBL Section] 349 does not apply to out-of-state plaintiffs who were allegedly deceived outside of New York." *Hotels.com*, 756 F. Supp. 2d at 402. Plaintiff's nationwide class allegations for claims under GBL Section 349 and Section 350 must therefore be dismissed with prejudice.

In addition, Plaintiff's nationwide class allegations should be dismissed with respect to her common law claims because each putative class member's claims reside under that plaintiff's state's laws (*see Hughes v. The Ester C Co.*, 317 F.R.D. 333, 352 (E.D.N.Y. 2016) ("[T]he injury alleged—a false representation—would occur in the State in which the consumer purchased the product".)), and where the alleged injury would occur in all 50 states, Plaintiff's claims on behalf of other states' residents cannot proceed. *See Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 (2d Cir. 2013) (holding that, in the case of a class action, "there must be a named plaintiff sufficient to establish jurisdiction over each claim advanced"). For that reason, all nationwide class allegations should be dismissed due to a lack of representative named parties.

## IV.   CONCLUSION

For the foregoing reasons, JetBlue respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: March 6, 2020

WINSTON & STRAWN LLP

By:   */s/ Gayle I. Jenkins*

Seth E. Spitzer
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: sspitzer@winston.com

Gayle I. Jenkins (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: gjenkins@winston.com

*Counsel for Defendant JetBlue Airways Corporation*